Good morning, ladies and gentlemen. Our first case of the morning is 120071, People of the State of Illinois v. Qwantrell Fares. Are you ready to proceed? May it please the Court. Good morning, Your Honor. My name is Jason Jordan. I represent Qwantrell Fares and I'm from the Appellate Defender's Office. The question is, what is sufficient to trigger a crankle preliminary inquiry? Here, Mr. Ayers filed a timely pro se motion where he alleged she received ineffective assistance of counsel and no inquiry was conducted at all. People v. Moore provides guidance for this situation. There, this Court said that all a pro se defendant needs to do is bring his or her claim to the trial court's attention. In addition, the purpose of the inquiry is to give the pro se defendant the opportunity to testify in support of his or her complaint. Also, in People v. Taylor, that provides guidance for this case, too. There, the defendant, there Taylor ultimately held the statement was insufficient. The defendant said, basically, if I had known what I was facing, I would have accepted the plea deal. This Court said that that was insufficient because it's open to multiple interpretations, that it was not an express complaint directed at counsel, and therefore, there was no duty to conduct an inquiry. Mr. Jordan, how could defendant raise a claim of ineffective assistance of counsel against Mr. McClellan? Actually, he didn't represent the defendant at the guilty plea, nor any of the proceedings stemming from it. Right. We don't know from the allegation if his claim was directed at Mr. McClellan or Mr. Vargas because there's nothing else in the motion. And so, this claim could have been directed at Mr. Vargas. I think one speculation would be, why didn't Mr. Vargas call Mr. McClellan to testify at the probation revocation hearing? And why did he instead call him at the sentencing hearing? But that's a guess from the record because there's no mention of either counsel, McClellan or Vargas. And is that why you're saying the judge should have at least made some inquiry? Right. Correct. So, if an inquiry, the purpose of it is to flesh out what is the defendant's allegation. What counsel do you think was ineffective? Yeah, it is a guess. I mean, there's no duty to define which attorney, no duty to at least indicate what counsel, if they do indicate who it is, did or didn't do. There's no obligation on the part of the defendant. Right. No, not under Moore because all the pro se defendant needs to do is bring his or her claim to the trial court's attention. Once that happens, it's the trial court's awareness of an ineffectiveness claim that has triggered the trial court's duty to conduct the inquiry, to flesh it out. How burdensome would it be, though, for the defendant to at least state some facts to support the conclusion? For the inquiry, and that's what the fourth and the first do, they require some supporting facts and some explanations of prejudice. And I think that's what the state's asking for is basically a pleading standard. The problem with that is that the purpose of an inquiry is to give the defendant the opportunity to do that, to specify and support his complaints. But now what the state wants is to make the pro se defendant specify and support his complaints on its face in order to trigger the opportunity to specify and support his complaints. Also, we don't want to ask a pro se defendant to have to facially allege ineffectiveness according to Strickland with deficient performance and explanations of prejudice. That's the purpose of the inquiry, so that the trial court can ask how, why, why do you think counsel is ineffective? The purpose of that is to limit issues on appeal, so that trial courts exercise their discretion below, so that appellate courts have something to review. And so this court has said the very purpose of Crankville is to limit issues on appeal. So more inquiries help to do that, help to serve that purpose. It's also good because in the trial court, memories are more fresh when the inquiries are done there. The trial judge and the prosecutor and defendant and defense counsel or any witnesses are much closer to the facts of the case, so their memories are going to be better. What the state wants is a pleading standard, basically. Under Moore, all the pro se defendant has to do is bring his or her claim to the trial court's attention. Now, I think Taylor provides the rule. In Moore, I think Moore was my case, I thought that there were specific allegations, including the trial counsel wrongly advised the defendant to waive a jury trial and not to testify on his own behalf at trial. So there was much more in Moore than in this case. Right. In Moore, it was more detailed. So then let's look at Taylor, where he says, if I had known what I was facing, I would have pled guilty. This court said that that's open to multiple interpretations. Was he unhappy with counsel, or was he just unhappy with the situation that he found himself in? And so I think for this, the sufficiency to trigger an inquiry comes from the wisdom of Taylor. If it's an express complaint directed at counsel, that is enough to trigger the trial court's duty. I think People v. Haddon is instructive, where the 4th District said that Mr. Haddon had not provided enough supporting facts and explanations of prejudice. During the first stage, the way to get from the first stage to the second stage is to show possible neglect of the case. That's how you get newly appointed counsel for the full-blown practical hearing. It's arguable that under Haddon Court's standard, that you have to have explanations of prejudice with each supporting fact, that that's even a tougher burden to get to a full-blown hearing. And so that's why Moore's standard, fleshed out through Taylor's reasoning, that all a pro se defendant has to do is bring it to the trial court's attention. It has to be an express complaint directed at counsel. That is sufficient to trigger an inquiry. If there's no further questions, then I would ask for a leave. Your Honor, we would just ask for a remand for preliminary inquiry. Thank you. May it please the Court, Counsel, I'm Assistant Attorney General Michael Cibula on behalf of the people of the State of Illinois. Your Honor, the new rule the defendant is asking this Court to adopt has been consistently rejected by the Illinois Appellate Court and other State Supreme Courts, and for very good reason. As we show on page 7 of our brief, in case after case, the Illinois Appellate Court has held that an inquiry is triggered only if a defendant makes a clear assertion of ineffective assistance of counsel and provides some supporting facts. Contrary to what the defendant just argued, we are not asking for, and the lower courts have not applied a standard that requires pro se defendants to plead prejudice or plead a strickling claim. It just must provide some supporting facts, such as, my lawyer didn't talk to any of my alibi witnesses. Similarly, as we show on pages 7 and 8 of our brief, the other State Supreme Courts have examined this issue under their version of the Crankle Procedure, likewise have held that conclusory assertions are not required. For example, New York's highest court held that in order to trigger inquiry, the defendant must state his claim and provide, quote, specific factual allegations of attorney error. The defendant is relying on two cases, as he mentioned, both of which come from this Court, Moore and Taylor, but they did not support his new rule either. In Moore, as was alluded to, the defendant filed a very detailed motion. He alleged that his counsel did not allow him to testify and failed to impeach the State's witnesses with contradictory police reports. So Moore was not a case about conclusory allegations. The issue in Moore was whether the trial court erred by ruling that this detailed motion could be resolved by appointing new counsel on appeal, which is not an issue in this case. As the defendant notes, this Court did say that all the defendant needs to do is bring his claim to the Court's attention. That comes from Moore, but that was made in response to an argument that's not raised in this case. The State argued in Moore that the defendant waived his detailed motion because after he filed it, he appeared in court several times and never verbally brought it to the Court's attention. It was in response to that waiver argument that this Court said all the defendant needs to do is bring his claim to the Court's attention, and Mr. Moore did so. This Court then immediately cited two appellate court cases, both of which involved defendants who filed very detailed motions. So clearly in Moore, this Court was not blessing conclusory allegations of ineffective assistance of counsel. This Court was saying once you file your detailed motion, you do not thereafter have to verbally bring it to the Court's attention. As to Taylor, Your Honor, his only other authority, the defendant is correct that this Court held in Taylor that an implicit assertion of ineffective assistance of counsel is not enough to trigger inquiry. But that does not mean that an express statement with no supporting facts does trigger inquiry. And in fact, in Taylor, this Court cited two appellate court cases and used them as examples of sufficient critical motions. The first was a case called Giles, which as this Court explained, involved a defendant who alleged five specific grounds of ineffectiveness. The second was a case called Finley, which as this Court explained, involved a defendant who alleged that his counsel failed to investigate several specifically identified alibi witnesses. So Taylor cannot be read to support his rule either. I would briefly point out, Your Honor, that the rule that the lower courts have applied and other State Supreme Courts have applied is a good and sensible rule. When we require defendants to state their claim and provide some supporting facts, we ease the burden on the lower courts. We make it much more likely that the claim will come to the Court's attention, and we weed out defendants who have no coverable claim or are simply frustrated with the results of their case and are looking to blame someone, but who don't have any specific allegations of how their attorney erred. A defendant's rule would require the trial courts in every single case to carefully scrutinize the many pro se submissions they receive, looking for a bare allegation of ineffectiveness to counsel. If they find one, then they would be required to schedule a hearing, writ the defendant to court, and personally question the defendant and his lawyer about the claim. In addition, as the defendant says, if the court misses that bare allegation, the appellate court would be required in all cases to remand back for a hearing, even if the claim were meritless. That's too big of a burden to impose on the lower courts, especially when we know that under a defendant's new rule, the only cases he would be adding would be cases that have no merit. When defendants have a meritorious claim, they don't simply say, ineffective assistance of counsel, and leave it at that. Your concern is a burden on the trial court. Isn't the whole purpose of the Krankel hearing to, in some way, shift the issues away from the appellate court, where the defendant could, in some way, in a PC, raise ineffective assistance of counsel, but at that point have counsel appointed, most likely, or need an appeal, certainly they would. But in any case, shifting the problem from the appellate court back to the trial court so the trial court can identify problems. I mean, here, this is not just some, you know, there was a problem with my case. This is the key words, the triggering words, ineffective assistance of counsel, pre-printed form, census of the court, and the court's on notice that there's an issue of ineffective assistance of counsel. How difficult, and I don't even know how difficult, but why is it better to wait and have all this sorted out much, much later through post-conviction or through appeal? Well, a couple things, Your Honor. In terms of where we should shift the burden to the trial court or to the appellate court, I think as we discussed in our brief on pages 11 and 12, in cases like Lawson and Tate, although this court has said that the goal of Krankel, one of the goals, is hopefully to limit issues for appeal and narrow issues for appeal, there's no actual mechanism in the law that works in that way. And by that I mean if a defendant raises several specific grounds, grounds 1, 2, 3 in his Krankel motion, nothing in the law prevents him from raising entirely new grounds, 4, 5, 6, 7, 8, in the appellate court. There's no waiver if you fail to include something in your Krankel motion that prevents you from raising it on direct appeal or PC. So that means that there really is no narrowing of issues. There's nothing in the law that operates to narrow issues. Except that these are factual inquiries as to who did what and who said what, et cetera. Clearly that has to be done in the trial court. And as has been suggested, isn't it a better remedy to have those factual issues worked out immediately after the trial in the next couple months after the trial and not wait until years later on appeal? It doesn't have to be done in the trial court, Your Honor. In my experience, in our experience, the overwhelming majority of ineffective assistance of counsel claims go to direct appeal or PC with no Krankel hearing. And I think it's important that we separate. There's essentially two kinds of ineffective assistance of counsel claims. There's what counsel did at trial, which is already part of the record. No factual development is necessary. And there's what counsel did not do at trial, what he should have done. For example, he should have investigated my alibi witnesses. So for, in my sense, at least half of the claims, there's no factual development. There's nothing that's gained by looking into these issues in the trial court. And as I said, most of these cases go directly to direct appeal in the appellate court or PC with no Krankel hearing. And defendants' argument that we have to have factual development or that memories are fresher, that would lead to the argument that if you don't file your Krankel motion, then you've waived your claims. But, of course, that's not the rule, because we know that we can trust the appellate court to come to correct conclusions, even if no Krankel hearing is held. And I would add, Your Honor, that not only does defendant's rule greatly increase the burden on the trial court, but as we discussed on pages 10 through 14 of our brief, it does increase the burden on the appellate court in a couple different ways. The appellate court, Your Honor, they know how to apply this existing rule. It's been around for decades. It's simple and it's straightforward. But under defendant's new rule, the appellate court would have to grapple with some difficult questions. Here, defendant has argued that saying ineffective assistance to counsel is enough. But what he's not attempted to explain is what if some lesser standard is enough? What if the defendant had said, my lawyer didn't do a good job, or I'm frustrated with my lawyer, or I wish I had a different lawyer, or a better lawyer? He's not attempted to articulate where we draw the line between what is enough and what is not enough. And frankly, I don't know that it's possible under his rule to articulate a clear standard that could be applied by the appellate courts. So this would increase the burden on the appellate courts by forcing them to answer this new and difficult question. Mr. Jordan's getting back to Justice Tice's question, though. The issue that she's saying is that the facts that the trial court could bring out would clearly give a better road for the appellate court to deny or to accept, as opposed to guessing, because if it's just raised without just ineffective assistance of counsel, they have no facts. So wouldn't you say that the judicial economy, what you're arguing, judicial economy, would be better served if at least something is on the record that's not on the record that could go to the appellate court? Judicial economy would not be served, Your Honor. As I mentioned, in my experience, at least half of ineffective assistance of counsel claims are based on what counsel did at trial. They're already part of the record. The defendants take those cases to direct appeal. We're not talking about the gold. We're talking about the ones that have nothing right now, in this particular situation. Well, in this particular situation, the defendant knows exactly which attorney he was referring to, and he knows exactly why he believed that attorney erred. We don't need to guess or speculate about which attorney he's referring to. He could have told the appellate court at any time. He could tell this court today. And the point I was trying to make is that we know that he could do that because we see time and time again that other defendants do exactly that, either in direct appeal or post-conviction. He could have done it in the ineffective assistance of counsel motion in front of the trial judge. If he wished for his claim to receive some inquiry from the trial court, he could have and he should have explained what he was concerned about with his counsel. And I think that defendants that do have meritorious claims, they do not simply say ineffective assistance of counsel and leave it at that. They complain at length about how their attorney erred. So when we're trying to figure out, given the high caseloads that trial courts have and how we're going to use our resources and focus them, they should not be used on defendants who can't even provide even the most basic explanation of what their claim is, including who their attorney is. And I think this case shows the kind of waste that can sometimes occur. The question is, you know, obviously this pleading is not enough to change the defendant's sentence to allow him to withdraw his plea, et cetera. No one is suggesting this. The only question is, does this trigger a very brief inquiry by the trial court? I mean, what is the purpose of the inquiry? You know, that's the idea is if the defendant brings an issue, however well developed, is the question we're discussing. But if it's enough to trigger the trial court, all the trial court has to say is, what's the problem? What happened here? What are you saying? I think the reality is that, as I've mentioned, trial courts have very high caseloads. And we know that when defendants are represented by counsel, they nevertheless give the trial courts a flood of pro se submissions that are very lengthy, difficult to understand, and they're essentially meritless. And because of that, it's been a longstanding rule in Illinois and every other jurisdiction I'm aware of, that trial courts can ignore those submissions. They do not have to investigate them at all, let alone rule on them. Crankville is an exception to that, but it's a limited exception. What this court has said is that the purpose of that is to avoid the conflict of interest that would arise if a lawyer had to argue his own case. But I don't think that that means that there should be essentially no pleading standard, that any indication by a defendant that he might be potentially unhappy or potentially frustrated with his lawyer for some unexplained reason is enough to require trial courts to do the level of inquiry that his rule would require. Because his rule, frankly, as I mentioned, would lead to a number of unnecessary remands and unnecessary hearings. With defendants who are simply frustrated that they've been convicted and were looking to blame someone, but who could not name a single error that their attorney had committed. And again, as I mentioned, I think if this court were to adopt this rule, a defendant would have to articulate some standard. It has to be something more than an indication by a defendant that he's unhappy with his lawyer. Because we hear that time and time again from defendants who do not have any colorable Sixth Amendment claim, let alone a meritorious claim. It's simply not an effective use of resources. Briefly, one additional point as to Taylor. As I said, Taylor does not support the defendants' theory. The rule that the lower courts have applied is a good and sensible rule. There's no reason to change it. If I may, Your Honor, I'd like to very briefly turn to our final argument. I think questioning alluded to this issue in the opening argument, which is that Mr. McClellan did not represent a defendant in this case. That's clear from the record. He was represented every step of the way by the public defender. We provided four independent reasons why, even if this court were to hold that an ineffective assistant counsel claim boldly stated triggers an inquiry, any claim against Mr. McClellan fails for four independent reasons. Unless there are any questions about that, I won't go through those again. I would briefly note, though, that in response to those arguments, the defendant is now arguing that it's not clear who he's referring to, and we should remain it for an evidentiary hearing. As I mentioned, he knows who he's referring to, and in the interest of judicial economy, he should simply state that. Even if he's referring to the public defender, we believe he's waived that claim. If he hasn't waived it, it's clearly meritless. The arguments he's raised against the public defender are purely strategic decisions, and this court has said many times, including cases like Warren Taylor, that strategic decisions are immune from crankwood proceedings. Unless there are any questions, thank the court, and ask that the court affirm the appellate court's judgment. Thank you. First of all, this is not a new rule. This is an expansion of Taylor. If Taylor said that the statement, if I had known what I was facing, I would have pled guilty. If that statement is insufficient because it's open to multiple interpretations, and it never directly referred to counsel, then I think it's logical to reason that the statement, ineffective assistance of counsel, refers to the defendant. My opposing counsel said that we were asking for a full-on evidentiary hearing. Sometimes it gets confusing. I just want to clarify that we are asking for the inquiry. The purpose of the inquiry is to flesh out what the defendant is thinking, what he's claiming, what he's alleging. It's the opportunity for the defendant to give his supporting facts and evidence. As far as the idea that this was directed at McClellan, or this claim is moot, or it's not applicable to the public defender, that's all basically a red herring because that issue is not before this court right now. In addition, for pre-inquiry, there is no merits analysis. The merits analysis comes after the inquiry. I agree with this court that more inquiries help to limit issues on appeal. One other thing that happens on appeal is that when there's factual things fleshed out, appellate attorneys can make decisions on whether or not to raise something later on appeal, on PC or direct appeal. I think limiting crankle inquiry does not serve to limit issues on appeal. As far as the lower court's ruling is fine and their standard is fine, it kind of insinuates that the lower courts are all in agreement, but they're not. The second district disagrees with the first and the fourth. The second district has said that the first district is disregarding this court's holding and more. There needs to be some clarification. I think one hypothetical is good in this situation. What if a pro se defendant is in court and just tells the court, I received ineffective assistance of counsel? Can the court just completely ignore that? I don't think so. I think the law requires that the trial court exercises discretion. How? Why? Just have a short, brief inquiry into what they're saying. If that is sufficient in open court, then it's also sufficient in a written pro se motion that was timely. There is a clear workable standard. It's extracted from Taylor. If you have an express complaint directed at counsel, that's enough to trigger the inquiry. Are there any further questions? There don't appear to be. Thank you, Your Honor. Thank you. Case number 120071, People of the State of Illinois v. Quantrell, heirs, will be taken under advisement. The court has ruled that the defendant is guilty of the following crimes. The following is agenda number 5. Mr. Jordan, Mr. Sabula, thank you this morning for your arguments, and you are excused.